UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| DEBORAH DAVIS, and BRUCE LOWE,<br><br>Plaintiffs,<br><br>vs.<br><br>MCPHERSON COUNTY, SOUTH DAKOTA DIVISION OF CRIMINAL INVESTIGATION, DAVE ACKERMAN, RODNEY HOFFMAN, AUSTIN HOFFMAN, TED SMITH, CHRIS CONRAD, STEVEN LIPKE, DONNA HOFFMAN, JEFF JENNER, DAVID ROGGENKAMP, KENNETH S. SNELL; SCOTT MYRON, JUDGE, MCPHERSON COUNTY; and DON KALLENBERGER,<br><br>Defendants. | 3:18-CV-03008-RAL<br><br>OPINION AND ORDER GRANTING DISMISSAL WITHOUT PREJUDICE |

On June 4, 2018, Plaintiff Deborah Davis (Davis) filed a pro se Complaint in this case naming McPherson County, the DCI,[1] and "state police to include the following people: Dave Ackerman, Rodney Hoffman, Austin Hoffman, Ted Smith, Chris Conrad." Doc. 1. The Complaint invoked 42 U.S.C. § 1983 and alleged "failure to protect" and police harassment, in connection with allegedly allowing Rodney Hoffman to commit "multiple misdemeanor and felony offenses." Davis's Complaint was devoid of specific allegations other than asserting:

> Deputy Ted Smith physically pushed me out of the way at the scene of the crime of Jimmy Kolb fire and murder. He was trying to get me to leave the scene. I wasn't leaving[;] Jimmy was my friend. Dave Akerman refused to arrest the man who we know and have evidence that murdered Jimmy Kolb. Instead he tried to

---

[1] The Amended Complaint and Second Amended Complaint more formally name as a defendant the South Dakota Division of Criminal Investigation (DCI).

1

> turn it around on me and Rodney Hoffman and Dave Akerman tried to file a harassment charge against me just for asking questions.

Doc. 1 at 2. The Complaint then described the fire and death of Mr. Kolb as occurring on November 30, 2017, and claimed that Deputy Sheriff Smith harassed Davis through "violent knocking" on her door to serve an order and that Rodney Hoffman stalked her and thrice tried to assault her with his car, but law enforcement officers would not arrest him. Doc. 1 at 3. Davis sought $1 million in damages. Doc. 1 at 4.

Apparently before anyone was served with the Complaint, Davis with an additional Plaintiff Bruce Lowe (Lowe) on July 18, 2018, filed an Amended Complaint. Doc. 6. The Amended Complaint added as defendants Donna Hoffman, Jeff Jenner, David Roggenkamp, and Kenneth S. Snell. Doc. 6 at 3. The Amended Complaint invoked 42 U.S.C. § 1983, as well as sections of Title 18, which are not wellsprings for civil jurisdiction in this case. Doc. 6 at 7. The Amended Complaint alleged that the law enforcement officers named as defendants conspired to cover up the claimed murder of Jimmy Kolb and harassed and failed to protect Jimmy Kolb or his unnamed friends. Doc. 6 at 9. The Amended Complaint also alleged that coroner Roggenkamp and Dr. Snell are alleged to have covered up the claimed murder of Jimmy Kolb. Doc. 6 at 9. The Amended Complaint made no allegations against Austin Hoffman, Donna Hoffman, Jeff Jenner, or even Rodney Hoffman. Doc. 6. The Amended Complaint did not repeat the allegations of the Complaint concerning any conduct directed at Davis and did not assert that Davis or Lowe are executors of the estate of Jimmy Kolb or otherwise entitled to bring claims on behalf of Jimmy Kolb. The Amended Complaint sought $500,000, plus punitive damages from each of the Defendants. Doc. 6 at 8. On August 17, 2018, Davis and Lowe filed a Second Amended Complaint, Doc. 8, largely identical to the Amended Complaint, except added Don Kallenberger

and Judge Scott Myren as defendants (without otherwise mentioning them in the allegations) and handwritten "And Arson!" in the Statement of Claims. Doc. 8.

On September 13, 2018, Defendants McPherson County, Dave Ackerman, Ted Smith, and Austin Hoffman (collectively the McPherson County Defendants) filed a Motion to Dismiss, Doc. 10, because they had not been duly served under Rule 4 of the Federal Rules of Civil Procedure with a summons and complaint. Doc. 11. On October 12, 2018, Judge Scott Myren filed a Motion to Dismiss based on the Eleventh Amendment, failure to state a claim, and insufficient service of process. Docs. 15, 16. Judge Myren submitted an affidavit attesting that he has not been served in this case. Doc. 17. The McPherson County Defendants filed a second motion to dismiss for failure to state a claim. Docs. 21, 22. Defendants DCI and DCI Agent Chris Conrad filed a Motion to Dismiss asserting Eleventh Amendment immunity, failure to state a claim, and insufficient service. Docs. 23, 24. Defendant Jeff Jenner, Docs. 31, 32, and then Defendants Donna and Rodney Hoffman, Docs. 33, 34, filed a motion to dismiss as well for failure to state a claim.

Rather than opposing any of the motions to dismiss, Davis has filed several letters with the Clerk of Court asking that the case be dismissed without prejudice. Docs. 35, 36, 38, 40. Most of the Defendants now request that the dismissal be with prejudice, Docs. 37, 39, noting that Davis has no standing to bring claims on behalf of Jimmy Kolb. Lowe has not responded to any of the motions to dismiss, and his 21-day time to respond under the Civil Local Rules of the District has passed with regard to each motion.

Although detailed factual allegations are unnecessary, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twonbly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable

3

inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Mere "conclusory statements" and "naked assertion[s] devoid of further factual enhancement" do not satisfy the plausibility standard. Id. (alteration in original) (citation and internal marks omitted). The United States Court of Appeals for the Eighth Circuit recognizes that pro se complaints should be construed liberally. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). This means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Id. at 915. However, this rule of liberal construction does not excuse a pro se plaintiff from alleging enough facts to support his claims. Id. at 914. That is, even though a plaintiff is proceeding pro se, the district court will not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Id. at 915.

Plainly, the Amended Complaint and Second Amended Complaint fail to state claims on which relief could be granted. The Statement of Claim fails to even mention some named Defendants and fails to allege that Davis or Lowe are court-appointed executors of the estate of Jimmy Kolb or otherwise authorized somehow to sue on his behalf. See Docs. 6, 8.

Under Rule 15(a) of the Federal Rules of Civil Procedure, these Plaintiffs only had the right to amend their complaint once without leave of court and then only within 21 days after serving it. Fed. R. Civ. P. 15(a)(1). The filings in this case leave it uncertain whether any defendant properly was served. Amendment of a complaint supersedes the prior complaint, so the Court need not concern itself with Davis's allegations in her original complaint about "failure to protect" and police malfeasance. Even if this Court were to deem the filing of either amended complaint improper, Davis's Complaint appears not to state a claim under the Iqbal standard. State

agencies and employees, such as the DCI and DCI Agent Conrad (as well as Judge Myren) are not subject to a § 1983 action in their official capacities when a plaintiff seeks money damages. Will v. Mich. Dep't of Sate Police, 491 U.S. 58, 71 (1989); see also Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997) ("state officers in their official capacities, like states themselves, are not amenable to suit for damages under § 1983."). The Eleventh Amendment further stands as a bar to such recovery. Will, 491 U.S. at 66. As for Davis's claims against the other law enforcement officers, she has no free-standing right to have Rodney Hoffman investigated. Danielson v. Huether, 4:18-CV-04039-RAL, 2018 WL 6681768, at *4 n.2 (D.S.D. Dec. 19, 2018). "The law is clear that there is no independent constitutional right to the investigation of another." Id. (citing Lee v. City of Philadelphia, 627 F. App'x 175, 177 (3d Cir. 2015) (per curiam); Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007); Andrews v. Fowler, 98 F.3d 1069, 1078–79 (8th Cir. 1996); Flinchum v. City of Beattyville, 224 F. Supp. 3d 536, 542 n.2 (E.D. Ky. 2016); Doe v. Mayor & City Council of Pocomoke City, 745 F. Supp. 1137, 1139 (D. Md. 1990)).

Moreover, in addition to the failure to state claims, there is an added reason for dismissal because at least some of the Defendants and perhaps all of them were not properly served with a summons and complaint. Dismissal for insufficient service is without prejudice to refiling. Fed. R. Civ. P. 4(m). Similarly, a Rule 12(b)(6) dismissal for failure to state a claim typically is without prejudice to refiling. See Milliman v. Cty. of Stearns, Civil No. 13-136 (DWF/LIB), 2013 WL 5426049, at *15 (D. Minn. Sept. 26, 2013) (observing that Eighth Circuit decisions generally favor dismissal without prejudice under Rule 12(b)(6)). Therefore, it is hereby

ORDERED that each of the Motions to Dismiss, Docs. 10, 15, 21, 23, 27, 31, 33, and 36, are granted such that the case will be dismissed without prejudice.

DATED this 3rd day of January, 2019.

BY THE COURT:

/s/ Roberto A. Lange
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE